## STATE *v.* ROBERT RAWLSTON.

Upon the trial of a criminal action for stealing certain cattle, charged in one count to be the property of A, and in another count to be the property of some person to the jurors unknown, evidence that A about the time lost a number of cattle, will not justify a verdict that the defendant stole certain cattle, the property of some person to the ju_ rors unknown.

CRIMINAL ACTION, *Larceny,* tried at Spring Term, 1875, of the Superior Court of BEAUFORT county, before his Honor Judge *Moore.*

The following statement of facts accompanies the record as part of the case.

The indictment contained eight counts.

1. For stealing a cattle beast, the property of Judson C Blakely.

2. For receiving the same.

3. For stealing ten pounds of beef, the property of said Blakely.

4. For receiving the same.

5. For stealing a cattle beast, the property of some person to the jurors unknown.

6. For receiving the same.

7. For stealing ten pounds of beef, the property of some person to the jurors unknown.

8. For receiving the same.

It was in evidence that the prosecutor lived in Pitt county, nine miles from the town of Washington, and that the defendant lived in the same county, one mile from the prosecutor. That he, the defendant, during the Fall of 1874, sold at various times in the streets of Washington, seven or eight beeves from his cart, ready butchered, and as many hides.

It was further in evidence, that the prosecutor had had stolen from him fifteen cattle during the Fall of 1874; and that the defendant, when selling this beef, said that he was obliged to kill and sell his cattle, to make up for money which he had

lost at cards at a circus that had been a short time before at Washington. The defendant had seven head of cattle before the beginning of the Fall of 1874, and had the same cattle in the Spring of 1875.

There was no evidence of the loss of cattle by any other person but the prosecutor, nor any other proof than that above stated.

The jury returned a verdict of guilty of stealing cattle, the property of some person to the jurors unknown. The defendant moved to set aside the verdict, as not authorized by the proof. Motion overruled. Judgment and appeal by defendant.

*D. M. Carter,* for defendant.
*Attorney General Hargrove,* and *J. A. Moore* for the State.

BYNUM J. Indictment for larceny. It is only necessary to refer to two of the counts in the bill. One charges the defendant with stealing a " cattle beast," the property of Judson C. Blakely, and the other with stealing a cattle beast, the property of some one to the jurors unknown ; and the defendant was convicted on the *latter* count.

If we should exclude the evidence that the prosecutor, Blakely, had stolen from him several cattle about the time that the prisoner was selling butchered beef in the town of Washington, it could hardly be contended that there was evidence to convict the prisoner ; for the case states that " there was no evidence of the loss of cattle by any other person but the prosecutor, Blakely. On the other hand, if we do not exclude that testimony, which of course was competent, then whatever weight it was entitled to, tended to show a larceny of the cattle of Blakely, a person " known." It was therefore error in the jury to find the prisoner guilty of stealing the cattle of some one, to the jurors " unknown."

Judgment reversed.

PER CURIAM.                          *Venire de novo.*